UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THEODORE DUKES
LYNN SMITH
BRIAN SCRUGGS

     Plaintiffs,

v.

MIAMI-DADE COUNTY,
OFFICER ERIC GOLDBERG, Individually,
OFFICER KIMBERLY LLAMBES, Individually,
OFFICER ENRIQUE GUERRA, Individually,
OFFICER REGINA DEAN, Individually,
CHIEF CARLOS ALVAREZ, Individually, and
JOHN DOE OFFICERS, Individually.

     Defendants,

_____/

CASE NO.

Magistrate Judge:



## <u>COMPLAINT</u>

PLAINTIFFS, THEODORE DUKES, BRIAN SCRUGGS and LYNN SMITH by and through

undersigned counsel, sue Defendants, MIAMI-DADE COUNTY, OFFICER ERIC GOLDBERG,

Individually, OFFICER KIMBERLY LLAMBES, Individually, OFFICER ENRIQUE GUERRA,

Individually, OFFICER REGINA DEAN, Individually, JOHN DOE OFFICERS, Individually and,

CHIEF CARLOS ALVAREZ, Individually and allege:

### <u>INTRODUCTORY STATEMENT</u>

1.   This is an action for damages sustained by citizens of the United States against MIAMI-

DADE COUNTY, Florida, employee police officers of Miami-Dade County and the Chief of the

Miami-Dade County Police Department.  Officer Eric Goldberg unlawfully assaulted and battered

PLAINTIFF DUKES with deadly force without justification and in violation of PLAINTIFF's civil

rights. Officer Kimberly Llambes unlawfully assaulted and battered PLAINTIFF SMITH without justification and in violation of PLAINTIFF's civil rights. John Doe Officers unlawfully assaulted and battered PLAINTIFF SCRUGGS using excessive force in violation of PLAINTIFF SCRUGGS civil rights. Plaintiffs DUKES, SCRUGGS and SMITH also bring an action against Officer Kimberly Llambes, Officer Enrique Guerra, Officer Regina Dean, Officer Eric Goldberg and John Doe officers individually, for conspiring to cover up the wrongful shooting of DUKES and numerous incidents of excessive force that the named Defendants either participated in or witnessed in violation of the United States Constitution. Plaintiffs bring suit against Chief Carlos Alvarez as the supervisory officer responsible for the conduct, training and supervision of police officers under his charge. Defendant ALVAREZ failed to properly train police officers in the appropriate methods of detaining and arresting suspected citizens, and to adequately discipline and supervise officers in regards to their propensity to commit excessive force against the citizenry and to have appropriate policies, procedures, and practices in place in regards to the appropriate methods of detaining individuals in vehicles when the officers who approach said citizens are in unmarked cars. Plaintiffs bring action against Miami-Dade County, Florida as the ultimate policy maker for the Miami-Dade Police Department (Hereinafter "Department"). DUKES also brings state torts against Miami-Dade County and the individual Officer Defendants for assault and battery, intentional infliction of emotional distress and malicious prosecution.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of Florida.

3.     The jurisdiction of this Court is predicated on 28 U.S. C. §§ 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

2

4.   Venue is placed in the United States District Court for the Southern District of Florida because it is where all parties reside and where the events complained of occurred.

5.   All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Section 768.28.

## PARTIES

6.   At all times material hereto THEODORE DUKES was and is a resident of Miami-Dade and at all times relevant hereto was sui juris (hereinafter "DUKES").

7.   At all times material hereto LYNN SMITH was and is a resident of Miami-Dade and at all times relevant hereto was sui juris (hereinafter "SMITH").

8.   At all times material hereto BRIAN SCRUGGS (hereinafter SCRUGGS) was and is a resident of Miami-Dade and at all times relevant hereto was sui juris (hereinafter "SCRUGGS").

9.   Defendant, Miami-Dade County (hereinafter "COUNTY"), is a political subdivision of the State of Florida, a Florida municipal corporation, and, at all times relevant hereto, it employed Defendant OFFICERS and Police Chief CARLOS ALVAREZ in the DEPARTMENT.

10.   At all times relevant hereto and in all actions described herein, Defendant, Officer ERIC GOLDBERG (hereinafter "GOLDBERG"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant, COUNTY.

11.   At all times relevant hereto and in all actions described herein, Defendant, Officer KIMBERLY LLAMBES (hereinafter "LLAMBES"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant, COUNTY.

12.   At all times relevant hereto and in all actions described herein, Defendant, Officer ENRIQUE GUERRA (hereinafter "GUERRA"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant, COUNTY.

13.    At all times relevant hereto and in all actions described herein, Defendant, Officer REGINA DEAN (hereinafter "DEAN"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant, COUNTY.

14.    At all times relevant hereto and in all actions described herein, Defendant, Officers JOHN DOES (hereinafter "DOES"), were acting under color of law as police officers, and in such capacity, as the agents, servants and employees of Defendant, COUNTY.

15.    At all times relevant hereto, Defendant, CARLOS ALVAREZ (hereinafter "ALVAREZ"), was the duly appointed Chief of Police of the DEPARTMENT. As such, he was the commanding officer of Defendant Officers, and was responsible for their training, supervision and conduct. He was also responsible for enforcing the regulations of the DEPARTMENT and for ensuring that the police personnel of the DEPARTMENT obey the laws of the State of Florida and the United States of America. At all times relevant hereto, Defendant, ALVAREZ, was acting in such capacity as the official Head of the DEPARTMENT for Defendant COUNTY.

## FACTUAL ALLEGATIONS

16.  On October 11, 2001, DUKES received a call from his friend, SCRUGGS requesting DUKES drive himself and his girlfriend, SMITH to a local grocery store. DUKES agreed and drove his white Honda Civic to the residence.  SCRUGGS entered DUKES' car and sat in the front passenger seat.  SMITH rode in the rear and the parties drove to a local store.

17. After DUKES left the store, DUKES proceeded to drive eastbound on NW 62nd Street. Unbeknownst to DUKES, LLAMBES was following him and had made a determination that she was going to make a traffic stop for a license tag violation.

18. LLAMBES radioed in to GOLDBERG and GUERRA to assist in the traffic stop. All these officers were on robbery detail and part of a specialized unit called the Robbery Interdiction

4

Unit and none of them were in a marked vehicle. All of the vehicles that were driven by the officers conducting the stop on DUKES were normal rental vehicles without any police markings.

19. LLAMBES, by the use of radio communication discovered that GOLDBERG was also proceeding east on NW 62nd Street and approaching the intersection of NW 15th Avenue. GOLDBERG sped past DUKES' vehicle and placed his vehicle directly in front of DUKES. As DUKES approached NW 15th Avenue, GOLDBERG stopped his vehicle and backed his vehicle up as if he was going to impact DUKES' vehicle. LLAMBES then pulled up behind and angled her vehicle past the rear of DUKES' vehicle in an attempt to box DUKES in. GUERRA also brought up his vehicle to complete the boxing of DUKES' vehicle.

20. As the officers were engaged in their confining maneuvers, all of the occupants of DUKES' vehicle believed that they were about to be carjacked. The suspicions of DUKES and his passengers were confirmed when GOLDBERG, in plain clothes, exited his vehicle with his gun drawn and pointing at DUKES' vehicle.

21. GOLDBERG exited the vehicle, holding his body low and his hand high exposing a gun which he pointed towards DUKES' vehicle, placing all of the occupants therein in fear for their lives.

22. Fearing for his life and the lives of his passengers, DUKES turned the steering wheel of his vehicle to the left and began to move from behind Goldberg's vehicle to extricate his vehicle from the blockade that had been set by GOLDBERG, LLAMBES and GUERRA.

23. As DUKES began moving his vehicle, Officer GOLDBERG fired his weapon through the passenger side window. The round missed the passenger SCRUGGS but hit the driver DUKES in the chest.

24. After the shot was fired, SCRUGGS informed DUKES that he had been shot. DUKES then noticed blood on his shirt and realized that he had been wounded. SMITH was screaming in

the back seat of the vehicle in fear that she might be the next victim. DUKES decided that he had to avoid further injury from the shooter, that he needed immediate attention and that he had to protect his passengers. He concluded that he had to leave the area immediately and drive himself to Jackson Memorial Hospital to receive emergency treatment. DUKES continued turning his car to the left and managed to break free from the officers rental vehicles and proceeded east on 62nd Street.

25. Still at this time, none of the occupants realized that their assailant was a police officer. At no time during the stop of DUKES did the officers identify themselves as such with the use of emergency equipment or other identifying materials that would have clearly indicated that they were officers, to the occupants of the DUKES vehicle.

26. Shortly after extricating themselves from the police gauntlet, DUKES began going in and out of consciousness. As the vehicle continued proceeding eastbound, SCRUGGS began steering the vehicle and placed his foot on the gas attempting to assist in their escape from their then unknown assailants.

27. As the vehicle approached NW 7th Avenue, the occupants for the first time noticed that there were vehicles following them and that the vehicles had blue lights flashing from their dashboard area. At no time prior to shooting DUKES, nor immediately after did any of the officers identify themselves as police officers to the occupants of the DUKES vehicle.

28. Once the occupants realized that they were being followed by police and not carjackers, DUKES and SCRUGGS turned the car onto NW 7th Avenue and pulled the car to the side of the road. DUKES, while bleeding profusely from his gunshot wound and still barely conscious, got out of the driver's side of the car and raised both his arms and hands in the surrender position, demonstrating that he was unarmed. SMITH and SCRUGGS also exited the vehicle and raised their hands in surrender as well.

6

29. As PLAINTIFF DUKES exited the vehicle with his hands up, defendant officers exited their vehicles and rushed the prone PLAINTIFF DUKES. As the officers approached DUKES, he asked them why did they shoot him. The officers responded by slamming the already wounded PLAINTIFF to the floor and began stomping and kicking him in a frenzy of police brutality in full view of citizens who were observing this activity. The officers that committed excessive force against PLAINTIFF DUKES are GUERRA, DEAN, GOLDBERG, LLAMBES and the JOHN DOE officers.

30. LLAMBES charged the surrendering SMITH and without justification or any resistance from SMITH, slammed SMITH to the ground with great force causing SMITH to cry out in pain. LLAMBES placed her knees into SMITH's back and placed extreme pressure on SMITH causing her to loose control of her bladder. SMITH complained to LLAMBES that she was in extreme pain but LLAMBES did not cease in placing SMITH in pain for the sole purpose of punishing SMITH.

31. SCRUGGS, had also exited the car upon it being stopped. SCRUGGS placed his body in a position of surrender to the approaching officers indicating that he was unarmed and not a threat to any officers. SCRUGGS was slammed to the ground by a JOHN DOE officer who proceeded to beat SCRUGGS with the butt of his gun. As SCRUGGS was laying on the ground he continued to be struck by JOHN DOE officers even though he was not resisting.

32. The beating of DUKES continued and was of an extensive duration and so intense that numerous bystanders screamed for the officers to stop the beating fearing that the officers would kill DUKES. None of the officers present made any move to stop the continued constitutional violations that were occurring against DUKES, SCRUGGS and SMITH. The actions of DEFENDANT OFFICERS violated clearly established and well-settled federal constitutional rights of PLAINTIFFS.

33.   One citizen protested vociferously and was unable to continue watching the beating of DUKES.  The citizen took a step towards the beating scene and was arrested for allegedly interfering with police procedures.

34.   DUKES laid on the street for 30 minutes before any rescue personnel ever came to DUKES' aid.  DUKES was then transported to Jackson Memorial Hospital where emergency trauma procedures were performed which entailed cracking open DUKES` chest in an attempt to repair the large amount of internal damage the bullet caused.

35.   When DUKES regained consciousness, he realized that he was handcuffed to the bed and facing felony criminal charges of attempted murder of a police officer and fleeing and eluding the police.  Defendant officers had concocted a story that during DUKES` escape from the officers gauntlet that LLAMBES was endangered and that GUERRA fired to protect LLAMBES from PLAINTIFF's vehicle.

36.   GOLDBERG, GUERRA, LLAMBES and DEAN lied and conspired in their official rendition of the facts in order to protect GOLDBERG from being the object of a wrongful shooting investigation and to cover up their improper stop of the DUKES` vehicle and to protect themselves from any investigation into their improper procedures and criminal conduct.   The actions of DEFENDANT OFFICERS violated clearly established and well-settled federal constitutional rights of PLAINTIFFS.

37.   SMITH and SCRUGGS were taken into police custody and questioned for some ten (10) hours.  During that time SMITH complained to the officers holding her that she was in pain and needed medical treatment.  SMITH's complaints were ignored and she was released from police custody without any medical attention.

38.   SMITH went to her home where she lay in pain for days.  She was able to convince

8

someone to take her to the hospital where she was treated for abdominal pain and trauma due to the excessive force applied to her by LLAMBES and other JOHN DOE officers.

39. DUKES was criminally charged with attempted murder of a police officer and fleeing and eluding a police officer. He was retained in custody for a period of nine months, without bond before he was able to procure a bond through the efforts of his criminal defense attorney. The state attorney after their review of the case filed an information charging aggravated battery, fleeing and eluding a police officer and resisting arrest without violence. Later the State Attorney's Office amended the Information a second time charging Dukes with aggravated assault on a police officer, fleeing and eluding a police officer and resisting without violence. After a criminal trial before his peers, Plaintiff was found not guilty on the charge of aggravated assault and guilty for fleeing a police officer. The trial judge sentenced DUKES to one year in jail.

## ADDITIONAL FACTS AGAINST COUNTY

40. COUNTY failed to have policies established that clearly delineate the procedures necessary to ensure that stops undertaken by undercover police officers will not lead to citizens believing that they are being robbed by criminals. Officers of COUNTY engage in a pattern and practice of surrounding and stopping vehicles in unmarked cars, in such a manner that it is not readily apparent that they are police officers, thereby causing the populace to react with fear and leading to the unnecessary escalation of events that results in the citizenry being injured in an unconstitutional manner by overzealous and poorly trained Officers of COUNTY.

41. Specialized units within COUNTY have exercised a practice and custom of effectuating vehicle stops with techniques of their own design independent of written policy and thereby have made their practices and customs defacto policy of COUNTY. These customs and practices lead to an escalation of actions that then cause officers to use excessive or deadly force in situations that

9

would have been resolved non-violently had proper police procedure been followed.   The unnecessary escalation of events caused by improper procedures, practices and customs of COUNTY creates constitutional violations against the citizenry and thereby injury and on occasion death where neither of these results need occur.

42.  COUNTY through its Officers engages in a pattern and practice of not using identifying equipment during their undercover traffic stops causing fear within the populace in general and DUKES in particular which leads to Officers of COUNTY overreacting to members of the populace to the point where COUNTY violates the constitutional rights of the citizenry in general and the PLAINTIFFS in particular.

43.  COUNTY has a pattern, practice and custom of shooting into vehicles and at individuals without having properly identified a target causing the proliferation of bullets into unidentified areas and causing the bullets to impact and/or endanger innocent individuals.  COUNTY condones such violations of policy by not disciplining officers that engage in such indiscriminate shootings causing constitutional violations to be perpetrated against the public and against PLAINTIFFS in particular.

44.  Defendant COUNTY  failed to discipline or prosecute known incidents of excessive use of force, to investigate complaints of excessive use of force, and to overrule the conclusions within the Department in spite of the overwhelming evidence that such incidents were unjustified and improper.

45.  On information and belief, the abuse to which PLAINTIFFS were subjected was consistent with an institutionalized practice of the DEPARTMENT, which was known to and ratified by Defendant, ALVAREZ, and Defendant, COUNTY, and neither took any effective action to prevent Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN and JOHN DOES, from continuing to engage in such misconduct.

46.  On information and belief, Defendants, ALVAREZ and  COUNTY, had prior notice of the vicious propensities of Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN and JOHN DOES, but took no steps to correct their abuse of authority or to discourage their unlawful use of authority.  The failure to properly train Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN and JOHN DOES, includes the failure to instruct them in the applicable rules and regulations of the Department concerning the proper and prudent use of force and proper detention techniques of vehicles.

47. On information and belief, Defendants, ALVAREZ and COUNTY, authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by:

a.      Failing to properly discipline, restrict and control employees, including Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN and JOHN DOES, who were known to be reckless in their dealings with black citizens of the community;

b.      Failing to establish and/or endure the functioning of a *bona fide* and meaningful departmental system for dealing with complaints of police misconduct, instead of responding to such complaints with bureaucratic power and official denials calculated to mislead the public.

48.   As a direct and proximate result of the deliberate indifference of  COUNTY, to prevent or change unconstitutional policies, customs and practices, PLAINTIFFS DUKES SCRUGGS and SMITH suffered the following injuries and damages:

a.      Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person, to be afforded due process of law and equal protection under the law;

b.      Loss of physical liberty; and

11

c.      Severe physical injury, causing humiliation, emotional distress, pain and suffering, substantial medical and other out-of-pocket expenses, and future medical expenses.

49.      As a direct and proximate result of the actions of Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN, JOHN DOES, ALVAREZ and COUNTY, the following clearly established and well-settled federal constitutional rights of DUKES, SCRUGGS and SMITH were violated:

a.      Freedom from an unreasonable search and seizure;

b.      Freedom from the use of excessive, unreasonable and unjustified force against his person; and

c.      Equal Protection under the law;

d.      Due process of law.

## COUNT I

**(Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Against Defendant COUNTY on behalf of DUKES, SMITH and SCRUGGS)**

50.  PLAINTIFFS repeat and reallege Paragraphs 1 through 49, and incorporate them by reference herein.

51.  This cause of action is brought by DUKES, SMITH and SCRUGGS, against Defendant COUNTY, for deprivation by its agents, servants, or employees namely, Defendants LLAMBES, GUERRA, GOLDBERG, DEAN and JOHN DOES, of constitutional rights within the meaning of 42 U.S.C. § 1983.

52.      Defendants LLAMBES, GUERRA, GOLDBERG, DEAN, and JOHN DOES, were acting under the color of law, as authorized agents of Defendant COUNTY, while arresting DUKES, SCRUGGS and SMITH in the furtherance of their duties.

12

53.    The constitutional deprivation was caused by Defendant COUNTY's numerous areas of deliberate indifference as outlined in 1 through 49 above including:

a)  custom of condoning alleged instances of police brutality without punishing its officers.  The above mentioned actions were not isolated incidents.  Defendant COUNTY has a history of exonerating officers for allegedly using excessive force against its citizens.   Officers within the Department are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive.  COUNTY, condones an officer's action even when other non-police witnesses have complained that the force used was excessive. Prior to October 11, 2001, Defendant COUNTY permitted and tolerated the practice of unjustified and unreasonable uses of excessive force by its officers under the color of law.

b)  failure to have officers appropriately trained in the proper interdiction procedures for vehicles.  These failures lead to constitutional violations being perpetrated upon the citizenry.

c)  improper use of force training and supervision which allows and permits the firing of weapons into moving vehicles without just cause and without the ability to identify a target.

d)  failure to have clear policies, customs and practices that require plain clothed police officers to identify themselves as such to members of the public to prevent said public from believing the officers are criminals.   Such misidentification allows the citizenry to panic and cause an unnecessary escalation of events, leading to constitutional violations upon the citizenry.

54.  The above described actions of LLAMBES, GOLDBERG, GUERRA, DEAN, and the JOHN DOES, the policies of Defendant COUNTY and the practices condoning the use of excessive force while agents, servants, or employees of Defendant COUNTY, deprive DUKES, SCRUGGS and SMITH  of rights and privileges under the Fourth, and Fourteenth Amendments to the United States Constitution.

13

55.   Defendants LLAMBES, GOLDBERG, GUERRA, DEAN, and the JOHN DOES, violated PLAINTIFFS' civil rights by brutalizing and inflicting severe injury on DUKES, SCRUGGS and SMITH under the color of law with force that was grossly disproportionate in relation to the need for action.

56.   As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, while agents, servants, or employees of Defendant COUNTY, the unconstitutional policies customs and practices of Defendant COUNTY, DUKES, SCRUGGS and SMITH sustained severe physical injury, causing humiliation, emotional distress, pain and suffering, has incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses.

WHEREFORE, DUKES, SCRUGGS and SMITH, prayerfully request that this Honorable Court grant the following relief against the Defendants:

A.  Award compensatory damages,

B.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

C.  Award such other and further relief as this Honorable Court deems just.

## COUNT II

**(Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983-Against Defendant ALVAREZ Individually on behalf of DUKES, SMITH and SCRUGGS)**

57.  PLAINTIFFS repeat and reallege Paragraphs 1 through 49, and incorporate them by reference herein.

58.  This cause of action is brought by DUKES, SCRUGGS and SMITH, against defendant, ALVAREZ, for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

59.  Defendant ALVAREZ was the Chief of Police for the COUNTY and as such was responsible for the implementation and promulgation of official policy for the DEPARTMENT.

14

60. ALVAREZ was deliberately indifferent to the need for adequate training and supervision for his police officers, the failure of which caused constitutional violations upon the citizenry in general and DUKES, SCRUGGS and SMITH in particular.

61. The constitutional deprivations caused by ALVAREZ's numerous areas of deliberate indifference as outlined in 1 through 49 above include:

a) a custom of condoning alleged instances of police brutality without punishing its officers. The above mentioned actions were not isolated incidents. ALVAREZ has a history of exonerating officers for allegedly using excessive force against its Black citizens. Officers within the Department are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive. ALVAREZ condones an officer's action even when other non-police witnesses have complained that the force used was excessive. Prior to October 11, 2001, ALVAREZ permitted and tolerated the practice of unjustified and unreasonable uses of excessive force by its officers under the color of law.

b) ALVAREZ failed to have officers appropriately trained and supervised in the proper interdiction procedures for vehicles. These failures lead to constitutional violations being perpetrated upon the citizenry.

c) ALVAREZ condoned improper use of force training and supervision which allowed and permitted the firing of weapons into moving vehicles without just cause and without the ability to identify a target.

d) ALVAREZ failed to have clear policies customs and practices that require plain clothed police officers to identify themselves as such to members of the public to prevent said public from believing the officers are criminals. Such misidentification allows the citizenry to panic and cause an unnecessary escalation of events, leading to constitutional violations upon the citizenry in general

15

and DUKES, SCRUGGS and SMITH in particular.

62. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, ALVAREZ, PLAINTIFFS DUKES, SCRUGGS and SMITH sustained severe physical injury, causing humiliation, emotional distress, pain and suffering, have incurred substantial medical and other out-of-pocket expenses, and will continue to incur other medical expenses.

WHEREFORE, DUKES, SCRUGGS and SMITH, prayerfully request that this Honorable Court grant the following relief against the Defendant:

A. Award compensatory damages,

B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

C. Award such other and further relief as this Honorable Court deems just.

## COUNT III

**(Conspiracy to Interfere with Civil Rights In Violation of 42 U.S.C. §1983 - Against Defendants LLAMBES ,GOLDBERG, GUERRA, DEAN and the JOHN DOES, individually, on behalf of DUKES, SMITH and SCRUGGS )**

63. Plaintiffs repeat and reallege Paragraphs 1 through 49, and incorporates them by reference herein.

64. This cause of action is brought by DUKES, SCRUGGS and SMITH against GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES, for conspiracy to interfere with DUKES, SCRUGGS and SMITH's constitutional rights to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution.

65. Defendants GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES have entered into an agreement for the purpose of depriving DUKES, SCRUGGS and SMITH of their constitutionally protected rights by utilizing excessive use of force while acting under color of law

16

in their capacity as police officers employed by Defendant COUNTY.

66. Each of the Defendants, GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES, have knowledge of the nature and scope of the agreement and agreed to fabricate an official version of events to conceal their constitutional violations of DUKES, SCRUGGS and SMITH.

67. In furtherance of the conspiracy, GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES inflicted severe injury upon DUKES, SCRUGGS and SMITH, while exercising their official authority under the color of law.

68. The acts of Defendants GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES were part of an on-going practice of the conspirators to utilize excessive use of force with full knowledge that their actions would be exonerated.

69. The acts of Defendants GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES were carried out for the very purpose of depriving DUKES, SCRUGGS and SMITH of the equal protection of the laws and or equal privileges and immunities under the law and to expressly violate PLAINTIFFS rights to be free from unreasonable search and seizure and from excessive force as defined in the Fourth Amendment of the United States Constitution.

70. As a direct and proximate consequence of the conspiracy of Defendants GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES, DUKES, SCRUGGS and SMITH sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical and other out-of-expenses, and will continue to incur medical expenses.

WHEREFORE, DUKES, SCRUGGS and SMITH, prayerfully request that this Honorable Court grant the following relief against the Defendants GOLDBERG, LLAMBES, GUERRA, DEAN and the JOHN DOES:

A.  Award compensatory damages,

17

B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

C. Award punitive damages

D. Award such other and further relief as this Honorable Court deems just.

## COUNT IV

**(Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Against Defendant GOLDBERG, individually on behalf of DUKES)**

71. Plaintiff repeats and realleges Paragraphs 1 through 49, and incorporates them by reference herein.

72. This cause of action is brought by DUKES, against Defendant GOLDBERG for his willful, wanton and malicious use of excessive force under color of law that deprived Plaintiff of constitutionally protected rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

73. Defendant GOLDBERG violated Title 42 U.S.C. § 1983 by inflicting severe injury upon DUKES that was grossly disproportionate to the force necessary to arrest Plaintiff in violation of his rights under the Fourteenth Amendments to the U.S. Constitution.

74. Defendant GOLDBERG, while acting in his capacity as a police officer for COUNTY and under the color of law, did willfully, maliciously and intentionally use excessive deadly force to arrest DUKES for an alleged traffic infraction.

75. The intentional, willful and wanton acts of Defendant GOLDBERG establishes a claim for punitive damages by DUKES against Defendant GOLDBERG.

WHEREFORE, DUKES prayerfully requests that this Honorable Court grant the following relief against the Defendant GOLDBERG:

A. Award compensatory damages,

18

B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988,

C. Award punitive damages; and

D. Award such other and further relief as this Honorable Court deems just.

## COUNT V

**(Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Against JOHN DOES, individually on behalf of DUKES, SMITH and SCRUGGS)**

76. Plaintiffs repeat and reallege Paragraphs 1 through 49, and incorporates them by reference herein.

77. This cause of action is brought by DUKES, SCRUGGS and SMITH, against Defendants JOHN DOES for their willful, wanton and malicious use of excessive force under color of law that deprived Plaintiff of constitutionally protected rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

78. Defendants JOHN DOES violated Plaintiffs' Fourth and Fourteenth Amendment rights to the U.S. Constitution by inflicting severe injury upon Plaintiffs that was grossly disproportionate to the force necessary to arrest DUKES, SCRUGGS and SMITH.

79. Defendants JOHN DOES, while acting in their capacity as police officers for COUNTY and under the color of law, did willfully, maliciously and intentionally use excessive force to arrest DUKES, SCRUGGS and SMITH for an alleged traffic infraction.

80. The intentional, willful and wanton acts of Defendant JOHN DOES establishe a claim for punitive damages by DUKES, SCRUGGS and SMITH against Defendant JOHN DOES.

WHEREFORE, DUKES and SCRUGGS and SMITH, prayerfully request that this Honorable Court grant the following relief against the Defendants JOHN DOES:

A. Award compensatory damages,

B.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

C.  Award punitive damages; and

D.  Award such other and further relief as this Honorable Court deems just.

## COUNT VI

**(Violation of Civil Rights While Acting Under The Color of Law for Failure to Intervene Under 42 U.S.C. § 1983 - Against Defendants GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES, individually, on behalf of DUKES, SMITH and SCRUGGS)**

81.  Plaintiffs repeat and reallege Paragraphs 1 through 49, and incorporate them by reference herein.

82.  This cause of action is brought by DUKES, SCRUGGS and SMITH , against Defendants GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES for their failure to intervene to prevent fellow officers from violating the constitutional rights of DUKES, SCRUGGS and SMITH. Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and fails to take reasonable steps to protect the victim of another officer's use of excessive force.

83.  The JOHN DOES, GOLDBERG, GUERRA, LLAMBES and DEAN failed to prevent excessive force from being committed against DUKES, SCRUGGS and SMITH when they had a reasonable opportunity to do so.  The Defendants failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. §1983.

84.  The intentional, willful and wanton acts of Defendants GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES establish a claim for punitive damages by DUKES, SCRUGGS and SMITH against Defendants.

WHEREFORE,  DUKES and SCRUGGS and SMITH, prayerfully request that this Honorable Court grant the following relief against the Defendants GOLDBERG, GUERRA,

20

LLAMBES, DEAN and the JOHN DOES:

    A.  Award compensatory damages,

    B.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

    C.  Award punitive damages

    D.  Award such other and further relief as this Honorable Court deems just.

### COUNT VII

### (Assault and Battery Against Defendant COUNTY, on behalf of DUKES)

85. DUKES repeats and realleges Paragraphs 1 through 49, and incorporates them by reference herein.

86. Defendant COUNTY through its employees, GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES, intentionally caused bodily harm to DUKES by using deadly force upon his person, slamming DUKES body and face into the ground and stomping him with their feet.

87. The actions of GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES arouse fear in the person of DUKES. The aforementioned assault and battery was accomplished without the consent and against the will of DUKES.

88. PLAINTIFF has complied with the notice provisions of Florida Statutes Section 768.28 which is a condition precedent to the filing of a state tort against COUNTY.

89. Defendant COUNTY is vicariously liable for the tortuous acts of its employees that were committed within the scope and furtherance of their employment.

90. As a direct and proximate consequence of the acts of COUNTY through its employees, GOLDBERG, GUERRA, LLAMBES, DEAN, and the JOHN DOES, DUKES sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses.

WHEREFORE, DUKES prayerfully requests that this Honorable Court grant the following relief against the Defendants.

A.    Award compensatory damages,

B.    Award such other and further relief as this Honorable Court deems just.

## COUNT VIII

### (Intentional Infliction Of Emotional Distress Against Defendant County on Behalf of DUKES)

92. DUKES repeats and realleges Paragraphs 1 through 49, and incorporates them by reference herein.

93. Defendant COUNTY through its employees, GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES, intentionally caused bodily harm to DUKES when they knew or should have known that emotional distress would likely result.

94. The conduct of COUNTY through its employees, GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES, was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

95. The conduct of COUNTY, thought its employees, GOLDBERG, GUERRA, LLAMBES, DEAN and the JOHN DOES, caused severe emotional distress.

96. DUKES has complied with the notice provisions of Florida Statute 768.28 which is a condition precedent to the prosecution of state torts against COUNTY.

WHEREFORE, DUKES prayerfully requests that this Honorable Court grant the following relief against the Defendant.

A.    Award compensatory damages,

B.    Award such other and further relief as this Honorable Court deems just.

## COUNT IX

### (MALICIOUS PROSECUTION Against Defendants GOLDBERG, GUERRA, LLAMBES and DEAN on behalf of Plaintiff DUKES)

97. DUKES repeats and realleges Paragraphs 1 through 49, and incorporates them by reference herein.

98. DUKES was arrested on October 11, 2001, and falsely charged with attempted murder based on the sworn testimony of GOLDBERG, GUERRA, LLAMBES and DEAN.  The false testimony that DUKES placed the life of LLAMBES in danger caused legal proceedings to be instituted by the State of Florida against DUKES.

99.  These legal proceedings were instituted by the Defendants through their false testimony in arrest affidavits, internal affairs investigations, and through pre-file conference testimony with the State Attorney's Office.  DUKES was placed in legal jeopardy by being forced to prove his innocence of said charge through a trial before a duly constituted jury.

100. After the empaneled jury heard all the testimony and evidence presented on said charge, DUKES was acquitted of the reduced charge of aggravated assault of a police officer.

101. That the entire proceeding for attempted murder, which was later reduced to aggravated assault against a police officer, instituted against DUKES lacked probable cause and was based entirely on fabricated testimony of sworn officers of the law namely, GOLDBERG, GUERRA, LLAMBES and DEAN.

102. That the institution of the attempted murder proceeding against DUKES was done with malice, designed to put DUKES in prison for a crime he never committed and to cover up the wrongful shooting of DUKES perpetrated by GOLDBERG.

103.  The malicious prosecution of DUKES by GOLDBERG, LLAMBES, DEAN and

GUERRA caused DUKES to be incarcerated pre-trial without bond for a period of approximately

nine months, face the possibility of a long prison term, extensive mental and emotional damage, and

damage to DUKES reputation.

WHEREFORE, DUKES prayerfully requests that this Honorable Court grant the following

relief against the Defendants:

A.  Award compensatory damages,

B.  Award such other and further relief as this Honorable Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

*Gregory A. Samms / R. Matos*

Gregory A. Samms, Esq.
Florida Bar No. 438863
Cooperating Attorney for the American Civil Liberties
Union Foundation of Florida, Inc., Miami Chapter
225 Alcazar Avenue
Coral Gables, Florida
(305) 443-6163 phone
(305) 441-2662 fax
sammslaw@gmail.com

Rosalind Matos, Esq.
Florida Bar No. 474967
South Florida Staff Counsel
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, FL 33137-3227
305-576-2337
305-576-1106 (facsimile)
rmatos@aclufl.org

24

JS 44   (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Theodore Dukes,
Lynn Smith,
Brian Scruggs.

### DEFENDANTS
Miami Dade County, Officer Eric Goldberg, Officer Kimberly Lambes, Officer Enrique Guerra, Officer Regina Dean, Chief Carlos Alvarez & John Does

**(b)** County of Residence of First Listed Plaintiff   Miami Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
- Gregory Samms, 225 Alcazar Ave, Coral Gables Florida, (305) 443-6163
- Rosalind Matos, ACLU of Florida, 4500 Biscayne Blvd Suite 340, Miami, FL (305)576-2337

Attorneys (If Known)

Dade CJ - 22665civ

**(d)** Check County Where Action Arose: ☒ DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause. Do not cite jurisdictional statutes unless diversity.)
Fourth & Fourteenth amendments to the U.S. Constitution pursuant to 42 USCA § 1983. Excessive use of force by police officers.
LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DOCKET NUMBER

DATE   October 7, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 498377   AMOUNT $250.00   APPLYING IFP