UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-22665-CIV-HUCK/SIMONTON

THEODORE DUKES, et al.,

    Plaintiffs,
vs.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO STRIKE AND THREE MOTIONS TO DISMISS

THIS MATTER is before the Court upon Defendants' Motion to Strike and three motions to dismiss -- one by Officers Eric Goldberg, Kimberly Llambes, Enrique Guerra, and Regina Dean ("the Officers"), one by Defendant Officer Kimberly Llambes ("Llambes") individually, and one by Miami-Dade County ("County").  Plaintiffs Theodore Dukes ("Dukes"), Lynn Smith ("Smith"), and Brian Scruggs ("Scruggs") (collectively "Plaintiffs") have filed suit under 42 U.S.C. § 1983 against these Defendants based on alleged violations of the U.S. Constitution.  They also have asserted one state assault-and-battery claim.  These allegations include the use of excessive force under the Fourth and Fourteenth Amendments of the U.S. Constitution, failure to intervene during an officer's violation of a suspect's rights, and failure of Defendant County to have appropriate police self-identification procedures in place.  All Defendants move to have any allegations of conspiracy struck from Plaintiffs' Fourth Amended Complaint ("Fourth Am. Compl."); the Officers move to dismiss Count IV, Plaintiffs' failure-to-intervene claim; Llambes moves to dismiss part of Count III, the excessive-force claim against her; and County moves to dismiss Count I and part of or all of Count V.  All seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

This case arises out of Plaintiffs' two encounters with police on October 11, 2001. The first encounter resulted in Officer Goldberg shooting Dukes. After a brief car chase, Plaintiffs claim they were beaten by the Officers during a subsequent encounter.

The original Complaint was filed on October 6, 2005. Since that time, Plaintiffs have filed four Amended Complaints; this Court has issued at least three substantive Orders ruling on motions to dismiss; and the case has been appealed to and remanded from the Eleventh Circuit. Currently, in their Fourth Amended Complaint, Plaintiffs have five remaining Counts, four of which they bring under § 1983 and one of which arises under state law. Even though the purpose of the Eleventh Circuit's Mandate ("Mandate") in its decision in *Dukes v. Miami-Dade County*, No. 06-11629, 2007 WL 1373176 (11th Cir. May 10, 2007) was to address and clarify any remaining issues at this stage of the litigation, Defendants make the four current motions because, they argue, Plaintiffs either have failed to adhere to the Mandate or have materially changed the facts and allegations in their Complaint.

The following is a detailed summary of the facts as taken from this Court's Order of December 30, 2005, with changes made to accord with changed factual assertions in Plaintiffs' Fourth Amended Complaint:

On October 11, 2001, Plaintiffs were traveling in an automobile driven by Dukes when an unmarked vehicle operated by one of the Officers stopped in front of Plaintiffs' car, obstructing its forward movement, to conduct a traffic stop for a license tag violation. Two other unmarked vehicles, also operated by two of the Officers, then approached and blocked Plaintiffs' automobile on the side and in the rear. Plaintiffs believed they were about to be carjacked.

Officer Goldberg, in plain clothes, then got out of his vehicle with his gun drawn and approached Plaintiffs' car, aiming his weapon at Dukes's vehicle. Goldberg did not explicitly identify himself as a law enforcement officer. Unprovoked, Goldberg fired his weapon through the passenger side window of the automobile, striking Dukes in the chest. After Scruggs told Dukes he had been shot, Dukes drove away from the scene and headed towards the hospital, although, shortly thereafter, he began fading in and out of consciousness. Scruggs assisted in the operation of the vehicle.

The occupants of the car then noticed vehicles following them with police lights flashing and they pulled their car over to the side of the road. Dukes, still bleeding and barely conscious, got out of his vehicle with both his hands up in the "surrender position." Smith and Scruggs also got out of the vehicle and raised their hands in the surrender position.

Officers Goldberg and Dean approached Dukes, grabbed him, slammed him on the ground and stomped and kicked him repeatedly. Plaintiffs allege that Officers Guerra and Llambes also took part in beating Dukes. Dukes lay on the ground for 30 minutes before he was finally transferred to the hospital. Officer Llambes also grabbed Smith and, without any resistance by Smith, slammed her to the ground. Officer Llambes then placed her knees in Smith's back, causing her to lose control of her bladder. Finally, Officer Guerra slammed Scruggs to the ground and began beating Scruggs with the butt of his gun. This happened despite no resistance from Scruggs.

Dukes was charged criminally in Florida state court with aggravated assault of a police officer and fleeing the police. After a jury trial, he was acquitted of assault but convicted of fleeing the police.

## ANALYSIS

### I. Standard of Review

In reviewing a motion to dismiss, all well-pleaded facts in Plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). Nonetheless, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The federal rules do not require a claimant to set out in detail all the facts upon which the claim is based. *Id.* at 47. All that is required is a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While Federal Rule of Civil Procedure 8 allows a plaintiff considerable leeway in framing its complaint, application of Rule 8 has been tightened with respect to § 1983 cases against individual defendants in an effort to weed out nonmeritorious claims. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). A § 1983 plaintiff must allege with some specificity the facts that make out his claim, particularly in cases involving qualified immunity, where the court must determine whether the individual defendant's actions violated a clearly established constitutional right. *Id.* Thus, to survive a motion to dismiss, it must appear from the face of the complaint asserting the § 1983 claim that the defendant, acting under the color of state law or authority, violated or deprived the plaintiff of a constitutional right. *Griffin v. City of Opa-Locka*, 261

F.3d 1295, 1303 (11th Cir. 2001).

## II. Defendants' Motion to Strike From The Fourth Amended Complaint All Factual Allegations Related to Conspiracy.

Defendants have moved to strike part of paragraph 1, and paragraphs 33 and 34 from Plaintiffs' Complaint. *See* Def.'s Mot. To Strike From The Fourth Am. Compl. All Factual Allegations Related to Conspiracy ("Def.'s Mot. To Strike"), at 1-2. Plaintiffs concede that the following language from paragraph 1 should have been removed from the Complaint:

> Plaintiffs DUKES, SCRUGGS and SMITH also bring an action against Officer Kimberly Llambes, Officer Enrique Guerra, Officer Regina Dean, Officer Eric Goldberg individually, for conspiring to cover up the wrongful shooting of DUKES and numerous incidents of excessive force that the named Defendants either participated in or witnessed in violation of the United States Constitution.

*See* Pl.'s Resp. to Def.'s Mot. To Strike, at 1-2; Fourth Am. Compl., ¶ 1. Defendants have also moved to strike paragraphs 33 and 34, which contain language of a post-arrest cover-up between the officers. While Plaintiffs acknowledge that those allegations "will not go toward proving an active conspiracy," they maintain that the allegations contain facts that are "part and parcel of the facts that will be revealed in the trial of this case." *See* Pl.'s Resp. to Def.'s Mot. To Strike, at 2. They argue that if the Court strikes these factual allegations, the Complaint will no longer contain some of the evidence that Plaintiffs will use at trial to support (1) their excessive force claims, (2) their claims against the County for "failure to properly investigate false allegations of police officers," and (3) their contention that the police officers are lying about the facts at issue here. *Id.* at 3.

In its Mandate, the Eleventh Circuit concluded that both of the Plaintiffs' conspiracy claims were inadequate and that the Defendants were entitled to qualified immunity on both claims. Mandate, at *4. The Eleventh Circuit held the first conspiracy claim – that both the shooting and

beatings were the result of a prior agreement between the officers – insufficient to deny the officers qualified immunity because the facts pled by Plaintiffs were too "vague and conclusory." *Id.* That court went on to hold the second conspiracy claim – that the officers agreed to cover up the beatings and arrests after they happened – insufficient as well. *Id.* It held this conspiracy claim barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) "because it would undermine the integrity of Dukes' conviction for fleeing a police officer." *Id.* Furthermore, the court held that "[t]here is no object of a post-arrest cover-up by the Defendants that does not implicate the validity of Plaintiff Dukes' conviction for fleeing and eluding because any conspiracy to conceal or falsify the record regarding the Defendants' actions impugns the soundness of Dukes' conviction." *Id.*

Here, Plaintiffs must strike all allegations of a post-event cover-up from their Fourth Amended Complaint. *See* Fed. R. Civ. P. 12(f) ("[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). The Eleventh Circuit's Mandate addressed the conspiracy claims and held that they undermine the legitimacy of Dukes's criminal conviction and thus are barred under *Heck*. Even though the Plaintiffs have already struck their actual claims of conspiracy, the factual assertions of post-arrest conspiracy remain in their current Complaint. *See* Pl.'s Fourth Am. Compl., at ¶ 33, 34. Contrary to Plaintiffs' arguments, however, these factual allegations of cover-up are immaterial to their claims of excessive force or inadequate County police procedures. Plaintiffs' factual allegations about events that took place after the alleged beatings and arrests are unnecessary and thus improperly pled because they are not relevant to an assessment of liability on any of Plaintiffs' remaining claims. *See* Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Of course, striking these allegations from the

Fourth Amended Complaint does not foreclose Plaintiffs from impeaching any of Defendants' testimony at trial on direct or cross examination as to what transpired during the events in question, if appropriate. It simply means that the factual allegations of post-arrest cover-up are immaterial to Plaintiffs claims and therefore have no place in the Fourth Amended Complaint.

## III. Defendants Goldberg, Llambes, Guerra, and Dean's Motion to Dismiss Count IV of the Fourth Amended Complaint.

Defendant Officers have moved to dismiss Plaintiffs' failure-to-intervene claim against Officers Goldberg, Llambes, Guerra and Dean. They argue that because all the Officers were engaged in detaining suspects none had an opportunity to intervene on any other suspect's behalf. They also argue that Plaintiffs have not adequately pled facts to support a failure-to-intervene claim.

This Circuit has held that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986)). In order for an officer to be liable under Section 1983 for failing to stop police brutality, the officer must have been in a position to intervene. *Id.*

This is an issue that this Court and the Eleventh Circuit have previously ruled upon.[1] Defendants claim that the legal arguments here have been transformed because Plaintiffs now identify

---

[1] This Court previously held that Plaintiffs' "allegations identify specifically the excessive force used by each Officer and aver that each Officer was present on the scene and had the opportunity to intervene to stop another officer from engaging in excessive force." *Dukes v. County of Miami-Dade*, No. 05-22665, Order, at 17 (S.D. Fla. March 3, 2006) ("3/3/06 Order"). In addition, the Eleventh Circuit held that "the Original Complaint identified each of the alleged acts of excessive force and the claim that each of the named officers was in the vicinity of the attacks and capable of intervening to prevent the use of unnecessary force." Mandate, at *5.

7

Officers Goldberg and Dean as the officers who attacked Dukes, and Officer Guerra as the officer who attacked Scruggs (whereas in their First Amended Complaint, Plaintiffs did not specifically identify which officers attacked which plaintiff).[2] The Court does not believe these factual differences change the legal analysis of its previous opinion or the Eleventh Circuit's Mandate, and holds that the officers are not entitled to qualified immunity on the failure-to-intervene claim.

Defendants argue that because all the named officers were engaged in detaining a suspect, each within his discretion could decide that safety required him to remain with his own suspect and not to intervene on another suspect's behalf. In support, Defendants cite *Ensley*, 142 F.3d 1402. The Defendants' reading of *Ensley* in the context of this case, however, is too broad. The facts of *Ensley* differ from the facts of this case in several important respects. First, the plaintiffs in *Ensley* fought aggressively to resist the officers' attempts to arrest them (at one point hitting one of the officers with an iron bar – albeit allegedly unintentionally). *Id.* at 1405. Second, the officer that allegedly failed to intervene in *Ensley* did not see the excessive force in which his fellow officers were engaged. *Id.* at 1408. Third, the plaintiffs there alleged no facts where any officer left the suspect he was detaining in order to assist another officer in restraining a different suspect. For these reasons, the court in *Ensley* held the defendant officer was not required to intervene in the excessive force of his fellow officer and thus was entitled to qualified immunity. *Id.*

The facts in *Ensley*, however, are substantially different from the facts alleged by the Plaintiffs in this case. Here, Plaintiffs have alleged that they came out of their car with their "hands up" and offered no resistance. *See* Fourth Am. Compl., at ¶¶ 27, 28. They further allege that the beatings all

---

[2] The Court notes that Plaintiffs' allegations of Officer Llambes's treatment of Smith was the same in both the First and Fourth Amended Complaints.

8

took place within "close proximity" of each other. *Id.* at ¶ 30(b). In addition, Plaintiffs allege that all four officers at some point used excessive force against Dukes; that while Officer Llambes was detaining Smith, Dean came to help her pin Smith down; and that Officer Guerra slammed Scruggs to the ground and began beating him with his gun. Fourth Am. Compl., at ¶¶ 27-29. These allegations illustrate that all of the officers were within earshot of one another, and that at least one of them – if not all of them – had adequately detained the suspect he originally apprehended so he could then help a fellow officer. Instead of demonstrating that none of the officers had an opportunity to intervene – as Defendants suggest – these facts instead demonstrate that all of the Defendants could have had the opportunity to intervene but instead chose to continue either detaining a particular suspect or leaving one suspect to assist a fellow officer. Moreover, the facts describe an "extensive" period of time – long enough for each officer to have the opportunity to intervene. *See* Fourth Am. Compl, at ¶ 30 ("The beating of DUKES continued and was of an extensive duration . . ."). These allegations, if true, are sufficient to establish a constitutional violation that the Defendants should reasonably have been aware of.

Defendants also argue that Plaintiffs have not met the heightened pleading standard required in a § 1983 case. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) (holding that Rule 8's pleading requirements are "tightened" in a § 1983 case). This Court stated in its Order of March 1, 2006 [D.E. #59] that it has "some concerns" about Plaintiffs' allegations and pointed out some "obvious problems" with their theory that all of the officers both used excessive force and failed to intervene. 3/3/06 Order, at 17. The Court maintains those concerns, but notes that at this stage of the litigation the Plaintiffs have alleged a factual theory, which must be taken as true, that is sufficient to establish a constitutional violation under § 1983.

9

To that end, Plaintiffs allege that initially Officers Goldberg and Dean used excessive force on Dukes, Officer Llambes used excessive force on Smith, and Officer Guerra used excessive force on Scruggs. Fourth Am. Compl., at ¶¶ 27-29. Thereafter, Officer Dean left Dukes and assisted Llambes in using excessive force against Smith. *Id.* at ¶ 28. And at some point all four officers used excessive force on Dukes. *Id.* at ¶ 27. Plaintiffs also allege that "[a]ll individually named officers participated in the beatings of Plaintiffs and were capable at any time during the beating to prevent or attempt to prevent the excessive force being committed by their fellow officers." *Id.* at ¶ 30(a). Plaintiffs allege that the beatings took place for a long period of time and that all the officers were close enough to see what was going on. *Id.* at ¶ 30(b). Even if Plaintiffs do not allege a second-by-second account of what occurred, they have alleged enough at this point to deny the Defendant Officers qualified immunity on the failure-to-intervene claim.

## IV. Defendant Kimberly Llambes's Motion to Dismiss Portion of Count III of the Fourth Amended Complaint.

The issue in this Motion is whether Officer Llambes is entitled to qualified immunity after she slammed Smith to the ground during the second police stop and put her knee into Smith's lower back in an attempt to restrain her, causing Smith to lose control of her bladder.[3] Officer Llambes claims that such a use of force during an arrest is de minimis and thus entitles her to qualified immunity. This Court agrees.

An excessive-force claim against a police officer during an arrest arises under the Fourth

---

[3] Neither this Court nor the Eleventh Circuit has addressed this issue before. While Plaintiffs have alleged throughout this lawsuit the same facts regarding Officer Llambes's treatment of Smith, until now they have not alleged that these facts amounted to excessive force. *See* Mandate, at *1, n.4 ("The named Defendants are not charged with the use of excessive force against the Plaintiffs during the arrests, but with the failure to intervene.").

10

Amendment. *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). To determine whether the officer's conduct in fact violated the Fourth Amendment, the court assesses whether the officer's actions were objectively reasonable when considered in the context of the facts and circumstances during the arrest. *Graham v. Connor*, 490 U.S. 386, 397 (1989). In making this inquiry, the court must disregard the officer's underlying intent or motivation. *Id.* Moreover, the court must analyze the objective reasonableness of the officer's actions based on the facts confronting the officer at the scene. *Pace v. Capobianco*, 283 F.3d 1275, 1281 (11th Cir. 2002).

Whether a specific use of force is unlawful turns on the following factors: (1) the severity of the crime, (2) the immediate threat posed by the suspect, and (3) the possibility of the suspect resisting or fleeing. *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993). "Because this standard establishes no bright line, qualified immunity applies unless application of the standard would inevitably lead every reasonable officer" in the defendant's position to conclude the force was unlawful. *Id.*

Here, an analysis of the factors militates in favor of granting Officer Llambes qualified immunity. First, Plaintiffs had just fled the scene after the officers pulled them over. Notwithstanding Plaintiffs' contention that they thought they were being carjacked and not pulled over by police, Officer Llambes had probable cause to arrest the Plaintiffs after they fled from a traffic stop (even under Plaintiffs' set of facts). While this crime is not in itself violent (though a car driven aggressively can be), fleeing from an officer is sufficiently serious to place an officer on guard during a subsequent encounter. Second, Officer Llambes could have objectively believed that one or all the members of the car posed a threat to her and her fellow officers' safety because she was confronted with suspects in a car who had just fled from police. Third, the possibility that Smith or any of the other Plaintiffs

would resist arrest or flee was high. The Plaintiffs had already fled from the police once, and, judging from all the circumstances, an objective officer could have reasonably concluded that Smith and her cohorts posed a flight risk.

In addition, the amount of force Officer Llambes used was commensurate with the situation she confronted. Slamming a suspect to the ground and putting knees into the suspect's back are reasonable steps to take to secure an arrest, and, considering the circumstances, that behavior certainly would not "inevitably lead" a reasonable officer to conclude the force was unlawful. *See Post*, 7 F.3d at 1559; *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) (holding that grabbing someone from behind by the shoulder and wrist, throwing him against a van a few feet away, kneeing him in the back, pushing his head in the side of the van, and searching his groin area in an uncomfortable manner were objectively reasonable steps to take during an arrest). This is especially true when the officer confronts a situation that might be dangerous or where the officer believes the suspects might flee. *Cf. Gold v. City of Miami*, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding that handcuffs that were too tight would not lead a reasonable officer to conclude such conduct was unlawful even where the suspect was arrested for a non-violent crime).[4] In fact, Llambes's behavior "sound[s] little different from the minimal amount of force and injury involved in a typical arrest." *Nolin*, 207 F.3d at 1257, n.4. Officer Llambes's behavior in effecting Smith's arrest was thus objectively reasonable under the circumstances and entitles her to qualified immunity on Plaintiffs'

---

[4] Plaintiffs' claim that Llambes's knees in Smith's back caused Smith to "loose [sic] control of her bladder" (Fourth Am. Compl., at ¶ 28) does not change the reasonableness of the force used. In addition, Plaintiffs claim that Smith "lay in pain for days" after the event but do not allege any permanent or even long-lasting injury as a result of the arrest. Fourth Am. Compl., at ¶ 36.

excessive force claims.[5]

## V. Defendant Miami-Dade County's Motion to Dismiss Portions of Counts I and V of the Fourth Amended Complaint.

Defendant raises three separate issues in this motion to dismiss. We will address each issue in turn.

First, Defendant argues that Plaintiffs' claim against the County for failing to train its officers to identify themselves is barred under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Because this issue implicates the criminal trial transcript from Dukes's state court conviction, this Court has converted the Motion to Dismiss into a Motion for Summary Judgment. The Court will issue a separate Order that provides Plaintiffs ten days to respond to Defendant's converted Motion for Summary Judgment.

Second, Defendant moves to clarify that Plaintiffs Smith and Scruggs are not claiming any injury by the County during the initial stop. Plaintffs agree that there was no "palatable injury" to Smith and Scruggs and the first stop and thus they "make no claim of injury as to Smith and Scruggs at the initial shooting scene." Pl.'s Response to Def.'s Mot. To Dismiss Portions of Counts I and V of the Fourth Am. Compl., at 5. Plaintiffs acknowledge that Smith's and Scruggs's claims arise only at the second scene where they allege the officers beat them. *Id.*

Third, Defendant County argues that two problems exist with Count V (by Dukes for assault

---

[5] Plaintiffs cite *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002) and *Sheth v. Webster*, 145 F.3d 1231 (11th Cir. 1988) to support their claim that Officer Llambes's use of force was not de minimis. But those cases are easily distinguishable from the facts at issue here. In *Lee*, the officer slammed the plaintiff's head against her trunk *after* she was arrested and in handcuffs, and the court there held that the use of force was unnecessary in light of the relatively harmless crime of honking one's horn in an intersection. 284 F.3d at 1198. And in *Sheth*, the officer there had no probable cause to arrest the plaintiff after the plaintiff said something to the officer that he did not like. 145 F.3d at 1238.

13

and battery against County). Defendant argues first that this Court should strike from Plaintiffs' Complaint paragraphs 70 and 74, both of which allege the County's liability for wrongdoing by Officers Guerra, Llambes, and Dean. Because this Court in its Order from July 10, 2006 [D.E. #103] ("7/10/06 Order") ruled that the assault-and-battery claim against the County must be "limited to a claim . . . against County for assault and battery arising out of Defendant Officer Goldberg's shooting of Plaintiff Dukes during the initial traffic stop," the Court agrees with Defendant, and Plaintiffs must strike paragraphs 70 and 74 from their Complaint. *See* Fed. R. Civ. P. 12(f). Striking this portion of Count V leaves only an allegation of assault and battery against County for Goldberg's alleged shooting of Dukes.

Defendant also argues that the Court should dismiss Count V entirely because of "new allegations" by the Plaintiff. *See* Def.'s Reply in Support of Mot. To Dismiss Portions of Counts I and V of the Fourth Am. Compl., at 3. Defendant points to the Eleventh Circuit's Mandate in which the court there commented that the Plaintiffs had amended their Complaint to allege that Officer Goldberg got out of his police car and shot Dukes without warning and before Dukes could respond in any way. Def.'s Mot. To Dismiss Portions of Counts I and V of the Fourth Am. Compl., at 9 (quoting Mandate, at 3, n.2). Defendant uses this "new" allegation to argue that the change compels dismissal of Count V entirely because the County cannot be held liable for Goldberg's shooting of Dukes when his act was "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *See* Fla. Stat. § 768.28(9)(a).

This argument fails because little has changed in Plaintiffs' pleadings with regard to Goldberg's shooting of Dukes since this Court's 7/10/06 Order. In that Order, this Court ruled on the Count at issue (currently Count V) after Defendant County moved to dismiss it following

14

Plaintiff's Third Amended Complaint. 7/10/06 Order, at 4. That Order granted dismissal of portions of Count V (then Count VI) that dealt with alleged acts of excessive force by the Defendant Officers. This Court explicitly held in that Order, however, that Count V (then Count VI) should be "limited to a claim in the alternative against County for assault and battery arising out of Defendant Officer Goldberg's shooting of Plaintiff Dukes during the initial traffic stop." *Id.*

Plaintiffs' Third Amended Complaint, on which the Court's 7/10/06 Order was based, alleged almost identical facts regarding the shooting as the Fourth Amended Complaint, on which this Order is based. There is thus nothing different that would cause this Court to issue a different Order on Count V. Accordingly, Defendant County's motion to dismiss Count V in its entirety is denied.

## CONCLUSION

For the reasons expressed above, Defendants' Motion to Strike All Factual Allegations Related to Conspiracy [D.E. #138] is **GRANTED**; Defendants Goldberg, Llambes, Guerra, and Dean's Motion to Dismiss Count IV of the Fourth Amended Complaint [D.E. #137] is **DENIED**; Defendant Llambes's Motion to Dismiss Portion of Count III of the Fourth Amended Complaint [D.E #136] is **GRANTED**; Defendant County's Motion to Dismiss Portions of Counts I and V of the Fourth Amended Complaint [D.E. #135] is **GRANTED in part** and **DENIED in part**.

DONE in Chambers, Miami, Florida, this 11th day of September, 2007.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record