UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-22665-CIV-HUCK/SIMONTON

THEODORE DUKES, et al.,

    Plaintiffs,

v.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION TO COMPEL

Presently pending before the Court is Plaintiffs' Motion To Compel Production of Officer Photographs (DE # 150).  This motion is referred to the undersigned Magistrate Judge (DE # 120).  Defendant Miami-Dade County has responded in opposition (DE # 159), and Plaintiffs have replied (DE # 167).  For the reasons stated below, the motion is granted, subject to the provisions of a Confidentiality Order.

Plaintiffs are proceeding on a Fourth Amended Complaint, brought under 42 U.S.C. § 1983, which contains four counts alleging violations of their civil rights by the County and four individual police officers.  These claims stem from the alleged use of excessive force in connection with a police car chase on October 11, 2001, which resulted in the shooting and arrest of Plaintiff Dukes.  In addition, the Fourth Amended Complaint contains a state law claim against the County brought by Plaintiff Dukes for assault and battery, which has been limited to the facts regarding the shooting of Dukes by Officer Goldberg.

In the presently pending Motion to Compel, Plaintiffs seek production of employee photographs of 15 police officers, including the defendant officers, who were

identified in various police reports as being present at the scene of the arrest.  Plaintiffs allege that Dukes was beaten by a number of officers at the scene, many of whom have not been charged in this case, and that the photographs are relevant so that witnesses who viewed the beating can be asked to identify "which officers did what and to whom" (DE # 167).  Plaintiffs agree to the entry of a strict confidentiality order which is attached to their reply, and which, in essence, restricts the use of the photographs to this litigation, requires that the photographs be kept in the possession of Plaintiffs' counsel, prohibits copying the photographs, and requires their return at the termination of the litigation (DE # 167).

Defendant County objects to the production of these photographs on the grounds that Plaintiffs have failed to establish a need for the photographs, and that the photographs are confidential and exempt from disclosure under Florida's Public Records Act, Fla. Stat. § 119.071(4)(d)(1) (DE # 159).  The County did not respond to the proposed confidentiality order.[1]

Based upon a careful review of the record in this case, the undersigned agrees with Plaintiffs that production of the photographs should be compelled, and that the Florida Public Records Act does not prevent such disclosure.  This result is supported by the numerous cases cited in Plaintiffs' Memorandum of Law, none of which are mentioned by Defendant County in its response.  *See, e.g., Simmons v. Newmann*, 1998 WL 776846 (S.D. Fla. 1998).  The undersigned Magistrate Judge notes that it is well-settled that federal law governs the determination of the existence of a privilege in cases

---

[1] Although Plaintiffs' proposal was included in their reply, prior to the County's response, the undersigned entered an Order which directed the parties to consider the use of a confidentiality order to protect the Officers' legitimate security concerns (DE # 156).

where the jurisdiction of the court is predicated upon federal law, even if there are pendent state claims.  *Hancock v. Hobbs*, 967 F.2d 462, 466-67 (11th Cir. 1992).  Although the Florida Public Records Law may be relevant, it is not determinative.  *See, e.g., Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969); *Coughlin v. Lee*, 946 F.2d 1152, 1159-60 (5th Cir. 1991) (rejecting contention that state public records law governs claim of privilege, but stating that court would "consider state policies supporting a privilege in weighing the government's interest in confidentiality).  Thus, even assuming that a privilege is created by the Florida Public Records Act, that privilege is overcome in the case at bar by Plaintiffs' evident need for the photographs, and the protection that will be afforded by a confidentiality order.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Compel Production of Officer Photographs (DE # 150), is **GRANTED**.  Copies of the requested photographs shall be produced on or before Thursday, November 15, 2007.  It is further

**ORDERED AND ADJUDGED** that, for the security of the officers involved, the following protective order is entered with respect to those photographs:

1.  The photographs will be used only for the purposes of the pending litigation.

2.  The photographs will not leave the possession of Plaintiffs' counsel for any reason.

3.  No copies may be made of the photographs.

4.  At the termination of this litigation, Plaintiffs' counsel shall return all photographs to defense counsel.

5.  Plaintiffs shall not reveal the photographs to anyone other than to show them

to potential witnesses to the events which form the basis for this litigation, and shall not permit the photographs to be otherwise disseminated in any manner.

      6.  Plaintiffs shall only allow the viewing of the photographs by witnesses who are listed as such in the litigation.

      **DONE AND ORDERED** in chambers in Miami, Florida on November 9, 2007.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
All counsel of record