UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22665-CIV-HUCK/SIMONTON

THEODORE DUKES, et al.,

    Plaintiffs,

v.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

Presently pending before the Court is Plaintiffs' Motion To Compel Defendant Miami-Dade County (hereafter "the County"), To Produce Internal Affairs Files of the Named Defendants (DE # 177). This motion is referred to the undersigned Magistrate Judge (DE # 120). The County has responded in opposition (DE # 185). Plaintiffs have not replied, and the last day to timely file a reply was Monday, December 3, 2007.

In their motion, Plaintiffs moved to compel the County to respond to Plaintiffs' Second Request for Production of Documents, served on February 8, 2006, which sought the internal affairs files for the named individual Defendants. Plaintiffs' counsel stated that he has conferred with counsel for the County regarding this motion, and that while the County's counsel stated that he will attempt to gather the information, the motion is being filed because the discovery deadline is approaching (DE # 177).

The County responds that the motion to compel should be denied as premature, and that it has not had time to respond to the discovery request. The County contends that Plaintiffs' Second Request for Production of Documents was served while discovery was stayed, and that the County did not respond during the discovery stay. *See* DE # 72. The County then asserts that on October 16, 2007, Plaintiffs renewed their discovery

request by serving a new request for the internal affairs files (Exhs. 2 & 3 to DE # 185). The County states that while its response to the new discovery request would be due on or about November 19, 2007, Plaintiffs filed the instant motion to compel on November 5, 2007, before the County's discovery response was due.

Nevertheless, the County states that on November 21, 2007, it provided Plaintiffs' counsel with Employee Profiles for each Defendant, which list all complaints lodged against each Defendant, and that Plaintiffs' counsel could review the profiles to narrow the request for internal affairs files. The County states that it has informed Plaintiffs' counsel that entire internal affairs files are voluminous, and are expensive and very time consuming to produce. *See* Exh. 4 to DE # 185. The County states that it has been working diligently to respond to Plaintiffs' discovery requests, and asks that the motion to compel be denied and that the County be awarded the costs incurred in responding to Plaintiffs' motion (DE # 185).

Plaintiffs do not controvert any of the County's assertions.

Plaintiffs' motion to compel is denied. Local Rule 26.1 H. 1. required Plaintiffs to file a motion to compel a response to their Second Request for Production of Documents within 30 days after the occurrence of the grounds for the motion. Assuming the discovery request was covered by the District Court's stay of discovery pending the Eleventh Circuit's resolution of Defendants' interlocutory appeal, *see* DE # 72 at 2, Plaintiffs should have conferred with counsel for Defendant County in an attempt to resolve any outstanding discovery issues, and filed their motion to compel within 30 days of June 12, 2007, the date on which the Eleventh Circuit's mandate was filed in this Court. *See* DE # 115. Plaintiffs have not provided any good cause for their delay in filing the instant motion. Therefore, Plaintiffs' motion to compel the County to produce

internal affairs files of the individual Defendant, pursuant to Plaintiffs' second request for production of documents, is denied as untimely.

Moreover, it is clear that the County is attempting to work with Plaintiffs to provide the requested information. It appears that the same information is also covered by Plaintiffs' Third Interrogatories (which, as the County notes, appears to be mislabeled since it is actually a request for production of documents), which were served on October 16, 2007. The County states that it is working to provide this information to Plaintiffs, and no Motion to Compel as been filed with respect to the response to this discovery request. As noted by the County, its response was not due until November 19, 2007, which was 12 days after the presently pending motion was filed.

The County's request for an award of the costs associated with responding to the instant motion is denied, as not justified by the facts and circumstances of this case.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Compel Defendant Miami-Dade County To Produce Internal Affairs Files of the Named Defendants (DE # 177), is **DENIED**. It is further

**ORDERED AND ADJUDGED** that the County's request for the costs and fees for related to filing this motion (DE # 185), is **DENIED**, as not justified by the facts and circumstances of this case.

**DONE AND ORDERED** in chambers in Miami, Florida on December 7, 2007.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Paul C. Huck, United States District Judge**
**All counsel of record**