UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-22665-CIV-HUCK/O'SULLIVAN

THEODORE DUKES, *et al.*,
    Plaintiffs

v.

MIAMI DADE COUNTY, *et al.,*
    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendants' Motion for Attorneys' Fees and Costs (DE #318, 5/04/09). The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 29 U.S.C. §636(b). Having carefully reviewed the filings and applicable law, and having held a hearing in this matter, the undersigned recommends the Defendants' Motion for Attorneys' Fees and Costs (DE #318, 5/04/09) be GRANTED in part and DENIED in part in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiffs filed this lawsuit against the defendants on October 6, 2005, (DE #1). The plaintiffs filed several amended complaints culminating in the Fourth Amended Complaint (DE # 122, 7/10/07). The defendants' Motion for Summary Judgment was granted with respect to Count I of the Fourth Amended Complaint, which alleged Civil Rights violations under 42 U.S.C. §1983 against the defendants. See (DE

#209, 12/27/07). Following trial, a final judgment (DE #298, 12/09/08) was entered in the defendants' favor. The defendants filed the instant motion on May 4, 2009, (DE #318). The plaintiffs filed their Opposition to the Motion for Attorneys' Fees and Costs on May 29, 2009, (DE #322). The defendants filed their reply on June 22, 2009, (DE #330). The undersigned held a hearing in this matter on September 10, 2009.

## ANALYSIS

I. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." A 'prevailing party' for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). The defendants are the prevailing party in the case at bar following a jury verdict (DE #295, 12/03/08) and final judgment (DE #298, 12/09/08) in their favor. The defendant is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920. A court is limited to taxing only those costs specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. § 1920, which states:

    A judge or clerk of any court of the United States may tax as costs the following:

        (1) Fees of the clerk and marshal;

        (2) Fees for printed or electronically recorded transcripts necessarily

      obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under § 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2001).

    The defendants request a total cost award in the amount of $16,265.45.

    A.  Fees of the Clerk

    The defendants request $255.00 in reimbursement for filing fees.  Section 1920 provides for the taxation of "[f]ees of the clerk."  28 U.S.C. 1920(1).  The undersigned recommends that the defendants recover the $255.00 they request in filing fees.

    B.  Process Server Fees

    The defendants request reimbursement in the amount of $1,232.00 for costs associated with the service of nineteen subpoenas.  The Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921."  W&O,

3

213 F.3d at 624. The Bill of Costs provided by the defendant shows that some of the subpoena service charges were for amounts up to $136.00, which indicates that they may have been for rush service. Rush service of subpoenas is not specifically authorized by statute. Because the defendants did not submit documentation indicating whether the subpoenas were rushed, the undersigned recommends that the cost award for the service of subpoenas be reduced to the amount charged by the United States Marshall Service. See James v. Wash Depot Holdings, Inc. 242 F.R.D. 645, 649 (S.D. Fla 2007). The amount charged by the United States Marshal Service is $55.00. See 29 C.F.R. § 0.114(a)(3). Following a reduction of those service charges that were above the $55.00 charged by the US Marshal Service, the undersigned recommends that the defendant recover $924.00 for costs for the service of subpoenas.[1]

C. Transcript Costs

The defendants request a total of $9,404.78 in costs related to deposition and hearing transcripts. Section 1920 allows for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Of the total requested, $7,227.28 is for transcripts and court reporter appearance fees.

---

[1] The defendants did not provide documentation for their costs with their initial motion. In their reply, the defendants provided some additional information but did not provide invoices to support any of their costs. At the hearing on this matter the defendants requested the court to allow them to provide certain invoices to the Court. The plaintiffs objected and the Court declined the defendants' request. The defendants had two prior opportunities to provide the appropriate documentation and failed to provide the documentation with their initial motion or reply. Providing the invoices at the hearing would have been out of time and prejudicial to the plaintiffs.

The defendants' itemization of costs regarding to deposition transcripts is lacking for two reasons.  First, the undersigned is unable to determine whether the depositions were necessarily obtained for use in the case based solely on the table that the defendants submitted.  Second, the defendants have not submitted any documentation to indicate whether the transcripts were obtained at a reasonable rate.  Section 1920 does not specifically provide for the taxing of expedited transcripts, and in the absence of evidence that it was necessary to expedite transcripts, courts generally disallow taxing expedited transcripts as costs.  See Responsible Me, Inc. v. Evenflo Co., Inc., 2009 WL 528247, *8 (S.D. Fla. 2009).  Based on the Itemization of costs submitted by the defendants, the undersigned is unable to determine if the requested transcript costs were expedited or not.  The undersigned recommends a reduction of 50% to the amount requested for deposition transcripts due to an inability to determine if the transcripts were necessarily obtained for use in the case and an inability to determine if the transcripts were expedited.  The undersigned recommends that the defendants recover $3,613.64 for deposition transcripts.

## I.  Video Teleconference and Video Courtroom Playback Costs Should Be Disallowed

The defendants request $2,177.50 for "Post Production Editing of Raw Material", "Video Teleconference" and "Video Courtroom Playback" as part of their request for transcripts necessarily obtained for use in the case.  Because no statutory authority exists to do so, costs of teleconferencing and video playback may not be taxed to a non-prevailing party.  See Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.,

2001 WL 460568, *4 (11th Cir. 2001) (citing EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2001)) ("Until Congress sees fit to amend the language of § 1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority"). The undersigned recommends that the defendants recover nothing for these costs.

### D. Witness Fees

The defendants request $4,112.02 in witness fees. Section 1920 allows for the recovery of "[f]ees and disbursements for printing and witnesses." 28 U.S.C. §1920(3). The defendants withdrew their initial request for expert witness fees following objections by the plaintiff. The defendants remaining witness fee request includes $40.00 each for deposition attendance by Dr. David Shatz and Dr. George Kirkham and $4,032.02 in trial appearance fees and travel expenses for Ken Katsaris. Section 1821 of Title 28 of the United States Code provides:

> A witness that travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. §1821(c)(1). The defendants are entitled to tax the cost of travel expenses for Ken Katsaris, however, without supporting documentation, the Court is unable to determine if those expenses were for a "common carrier at the most economical rate

6

reasonably available." As section 1821 requires "[a] receipt or other evidence of actual cost", the undersigned recommends that the defendants not recover the requested travel expenses because the defendants did not provide a receipt or other documentation. The defendants may still recover the $40.00 witness appearance fee for Ken Katsaris. Accordingly, the undersigned recommends that the defendants recover a total of $120.00 in witness costs.

E. Copying Costs

The defendants request a total of $841.64 in copying costs. Section 1920 provides for taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920 (4). Some of the defendants copy requests are simply labeled "copies", "normal copies", or "color copies". Without additional explanation, the undersigned cannot determine whether these copies were necessarily obtained for use in the case or merely for convenience of counsel. The undersigned recommends a 50% reduction of the requested copy costs because the defendants failed to show that these costs were necessarily obtained for use in the case. See Cullens v. Ga. Dep's of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (holding court did not err in disallowing photocopying costs where plaintiff failed to provide evidence regarding the documents including their use or intended use). Accordingly, the undersigned recommends the defendants recover $420.82 in copying costs.

F. Docket Fees

The defendants request $20.00 in docket fees under 28 U.S.C. § 1923. Section

1920 allows for the taxation of "[d]ocket fees under § 1923." 28 U.S.C. § 1920 (5). Section 1923 allows for a taxation of $20.00 for trial in civil cases. 28 U.S.C. § 1923. The undersigned recommends that the defendants recover $20.00 for docket fees.

    G.  Other Costs

The defendants request $137.25 in Delivery Fees and $187.88 for "Litigation - heavy", which the defendants describe in their Reply as relating to copying or courier charges for copying and having the numerous trial exhibits and boxes delivered and retrieved from the courthouse during trial. See (DE # 330, p. 4 n. 4, 6/22/09). The undersigned finds that the defendant should not recover costs associated with delivery or shipping. See Eggleston v. Bradshaw, 2007 WL 1760912, *4 (S.D. Fla. 2007)(delivery and shipping fees denied as being for convenience of counsel); University of Miami v. Intuitive Surgical Inc., 2007 WL 781912, *1 (S.D. Fla. 2007)(same). The undersigned recommends that the defendants recover nothing for these costs.

The undersigned recommends a total cost award of $5,353.46.

II.  Attorneys' Fees

    A.  Entitlement to Attorneys' Fees

The defendants seek an award of attorneys' fees pursuant to 42 U.S.C. §1988 for the federal claims against them and pursuant to *Fla. Stat*. § 768.78 for the state law claims against them. 42 U.S.C. § 1988 expresses a clear intent to provide for the award of a reasonable attorney's fee to the prevailing party as part of taxable costs in a suit brought under any of the specified civil rights statutes. The statute states in

pertinent part that:

> In any action or proceedings to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.  Congress expressly conferred upon federal courts broad discretion when making a determination as to an award of fees.  Although the language of the statute does not differentiate between a prevailing plaintiff and defendant, "the courts have determined that the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion." Tufaro v. Willie, 756 F.Supp. 556, 558 (S.D. Fla. 1991).  A prevailing defendant seeking fees must show that the plaintiff's claims were "frivolous, unreasonable or groundless or that the plaintiff continued to litigate after it clearly became so."  Id. (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978)).

The Eleventh Circuit reaffirmed this standard and held that a district court may in its discretion award attorney's fees to a prevailing defendant only upon a finding that the plaintiff's lawsuit was frivolous, unreasonable or without foundation.  See Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1188-89 (11th Cir. 1985); see also, Popham v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987).  Further, the Eleventh Circuit determined that in deciding whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately

successful." Sullivan, 773 F.2d at 1189, (quoting Jones v. Texas Tech University, 656 F.2d 1137, 1145 (5th Cir. 1981)).  The appellate court outlined three factors to consider in determining whether a claim is frivolous and warrants an award of attorney's fees to a defendant.  First, the court should consider whether the plaintiff has established a prima facie case.  The court must then determine whether the defendant offered to settle, and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.  However, the Eleventh Circuit cautioned that these factors are only general guidelines, and that determinations regarding frivolity are to be made on a case by case basis.  Sullivan, 773 F.2d at 1189.

Applying the above-mentioned criteria to the particular facts of this case, the undersigned finds that although the plaintiffs did not ultimately prevail, their claims against the defendants were not frivolous, groundless or without any foundation and do not warrant an award of attorney's fees to the defendants'.  While it is clear that the Court's summary judgment decisions as to the federal claims against the defendants are amply supported by the record, the undersigned finds that it cannot be said that an objective examiner would find plaintiffs' claim so patently devoid of merit as to be frivolous.

Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion for involuntary dismissal, where the plaintiffs did not introduce any evidence to support their claims.  Sullivan 773 F.2d at 1189.  In cases where the plaintiffs introduce evidence sufficient to support their claims, findings of frivolity

typically do not stand.  Id.

Although the Court ultimately found that the defendants were entitled to summary judgment of the federal claims, the undersigned finds that this does not establish that plaintiffs' claims were completely groundless.  The Court did not state that the plaintiffs case was unreasonable, frivolous or groundless; the plaintiffs merely supplied insufficient evidence to support their claims.  Therefore, the undersigned finds that, although it was clearly appropriate for this Court to grant summary judgment in favor of the defendants, the defendants have failed to establish that plaintiffs' case was "so patently devoid of merit"  to be deemed frivolous.  The United States Supreme Court has stated that an award of fees to a defendant should not be routinely awarded simply because the defendant has succeeded, but only awarded where the action is found to be unreasonable, frivolous and meritless.  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700 (1978).

To award attorney's fees to the defendants when the defendants have failed to clearly establish that the plaintiffs' claims were frivolous would undercut the clear Congressional intent to promote vigorous enforcement of these statutes.  Id.  Therefore, the undersigned respectfully recommends that the defendants' request for attorney's fees pursuant to 42 U.S.C. §1988 be DENIED.

The defendants also assert a right to attorneys' fees under *Fla. Stat*. § 768.78, which states that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall

>be entitled to recover reasonable costs and attorney's fees
>incurred by her or him or on the defendant's behalf pursuant
>to a policy of liability insurance or other contract from the
>date of filing of the offer if the judgment is one of no liability
>or the judgment obtained by the plaintiff is at least 25
>percent less than such offer, and the court shall set off such
>costs and attorney's fees against the award.

*Fla. Stat*. § 768.78 (1).  The defendants sent a proposal of settlement to the plaintiffs for $1,501.00 for Count V of the Fourth Amended Complaint, which the plaintiffs rejected.  Because the jury found in favor of the defendants on Count V, the defendants claim entitlement to attorneys' fees from the date the proposal of settlement was served.

The plaintiffs object to the defendants' request for fees under *Fla. Stat*. § 768.78 and rely on Jones v. United Apace Alliance, 494 F.3d 1306 (11th Cir. 2007).  In Jones, the Eleventh Circuit held that defendants are unable to recover attorneys' fees under *Fla. Stat*. § 768.78 when an underlying civil rights action limits attorneys' fees to frivolous suits.  See Jones, 494 F.3d at 1310.  In the instant matter, the defendants are seeking attorneys' fees under section 768.78 for an underlying charge of assault and battery, which does not limit attorneys' fees to frivolous suits.  Because the assault and battery claim shares a common nucleus of operative fact with the plaintiffs federal civil rights claims, however, the undersigned finds that the defendants are not entitled to attorneys' fees under *Fla. Stat*. § 768.78.

In Alansari v. Tropic Star Seafood, Inc., 2009 WL 1616496 (N.D. Fla. June 08, 2009), a plaintiff brought civil rights claims as well as a state Whistleblower claim against the defendant.  See Alansari, 2009 WL 1616496 at *1.  The defendant

prevailed and moved for attorneys' fees under *Fla. Stat.* § 768.78.  See Id.  Courts that have addressed the issue have routinely concluded that the Christiansburg requirement of frivolity does not apply to fee awards stemming from the Florida Whistleblower Act.  See Gamb v. Hilton Hotels Corp., No. 95-466-CIV-ORL-19, 1997 WL 893874 at *2 (M.D. Fla. 1997), aff'd, 132 F.3d 46 (11th Cir. 1997); McGregor v. Bd. of County Comm'rs for Palm Beach County, Fla., 130 F.R.D. 464 (S.D. Fla. 1990), aff'd, 965 F.2d 1017 (11th Cir. 1992); New World Commc'ns v. Akre, 866 So. 2d 1231, 1235 (Fla. 2d DCA 2003).  Nevertheless, the Alansari court accepted the plaintiff's argument that because the Whistleblower claim shared the same nucleus of operative facts with the civil rights claim, the work done by attorneys on the federal civil rights claim was the same as the work done on the state claim.  See Alansari, 2009 WL 1616496 at *2.  Therefore, the Alansari court found that because the work on the claims was not distinguishable, the reasoning that prevented an award of attorney's fees for federal civil rights claims also prevented an award of attorney's fees for related state claims.  Id.  The Court is persuaded by the Alansari reasoning and finds that the common nucleus of operative facts between the assault and battery and civil rights claims dictates a showing of frivolity to recover attorneys' fees under *Fla. Stat.* 768.78.  In the instant matter, the assault and battery claim was decided by a jury at trial and was clearly not frivolous.  Therefore, the undersigned respectfully recommends that the defendants' request for attorney's fees pursuant to *Fla. Stat.* 768.78 be DENIED.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the

Defendants' Motion for Attorneys' Fees and Costs (DE #318, 5/04/09) be GRANTED in part and DENIED in part and the defendants be awarded costs in the amount of $5,353.46 and no attorney's fees.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of September, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE